ORIGINAL

Todd M. Friedman (216752)
Darin Shaw (251037)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
dshaw@attorneysforconsumers.com
Attorney for Plaintiff

FILED
2011 JUN 16  P 2:58
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
N.D. OF CA. S.J.

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

THOMAS CRUMMETT,

  Plaintiff,

  vs.

JACOB COLLECTION GROUP LLC, a corporation; and MICHAEL A. JACOB, II, an individual,

  Defendants.

Case No. CV 11-02969 PSG

COMPLAINT FOR VIOLATION OF FEDERAL FAIR DEBT COLLECTION PRACTICES ACT AND ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d).

## III. PARTIES

3.  Plaintiff, Miriam Dyer ("Plaintiff"), is a natural person residing in Santa Clara county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

4.  At all relevant times herein, Defendant, Jacob Collection Group LLC ("Defendant JCG") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant JCG regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

5.  At all relevant times herein, Defendant, Michael A. Jacob, II ("Defendant Jacob") was president of Defendant JCG. As an officer, shareholder and/or director of Defendant JCG, Defendant Jacob was responsible for the overall success of the company. Defendant Jacob is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c): he materially participated in collecting debt by occupying a position of critical

importance to Defendant JCG's business; as the president of Defendant JCG, he exercised control over the affairs of a debt collection business; and he was regularly engaged, albeit more often indirectly than directly, in the collection of debts through his involvement in Defendant JCG's affairs and Defendant Jacob continued to play a key role in maintaining and expanding Defendant JCG's debt collection activities throughout the time in question.

## IV. FACTUAL ALLEGATIONS

6. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant JCG contacted Plaintiff in an attempt to collect an alleged outstanding debt.

7. On March 29, 2011, Defendant JCG left a voicemail for Plaintiff. In that voicemail, Defendant JCG identifies itself as an attorney's office. However, Defendant JCG is not located in California and is not a licensed California law firm. Further, Defendant JCG does not represent itself as a debt collector and that the call is an attempt to collect an alleged debt.

8. On April 8, 2011, Defendant JCG left another voicemail for Plaintiff. Again Defendant JCG identified itself as a law firm and failed to identify itself as a debt collector calling in attempt to collect an alleged debt.

9. On April 11, 2011, Defendant JCG left yet another voicemail for Plaintiff. Again, Defendant JCG identified itself as an attorney's office, but failed to identify itself as a debt collector calling in attempt to collect an alleged debt.

10. On April 19, 2011, Plaintiff's counsel sent a request for validation of the alleged debt to Defendant JCG. Defendant has failed to respond to that alleged debt.

11. On April 21, 2011, Defendant JCG left Plaintiff an additional voicemail. Once again, Defendant JCG identified itself as an attorney's office, but failed to identify itself as a debt collector calling in attempt to collect an alleged debt.

12. Defendant JCG's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

   a) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal Civ Code §1788.11(d));

   b) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal Civ Code §1788.11(e));

   c) Causing Plaintiffs telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§1692d(5));

   d) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (§1692c(a)(1)).

e) Falsely representing that an individual is an attorney (§1692e(3));

f) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff (§1692e(10);

g) Failing to notify Plaintiff during the initial communication with Plaintiff that the communication was an attempt to collect a debt and any information obtained would be used for that purpose (§1692e(11));

h) Failing to notify Plaintiff during each collection contact that the communication was from a debt collector (§1692e(11)); and

i) Falsely representing that any person is an attorney or counselor at law (Cal Civ Code §1788.13(b)).

13. Defendant Jacob as president of Defendant JCG is directly responsible for Defendant JCG's violations.

14. As a result of the above violations of the FDCPA and RFDCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant JCG and Defendant Jacob are liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

15. Plaintiff reincorporates by reference all of the preceding paragraphs.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

    A.    Declaratory judgment that Defendants' conduct violated the FDCPA;
    B.    Actual damages;
    C.    Statutory damages;
    D.    Costs and reasonable attorney's fees; and,
    E.    For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

16. Plaintiff reincorporates by reference all of the preceding paragraphs.

17. To the extent that Defendants' actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

    A.    Declaratory judgment that Defendant's conduct violated the RFDCPA;
    B.    Actual damages;
    C.    Statutory damages for willful and negligent violations;
    D.    Costs and reasonable attorney's fees,
    E.    For such other and further relief as may be just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted this 13th day of June, 2011.

By: _____
Todd M. Friedman (216752)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
Attorney for Plaintiff